IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 22-cv-242-RMR

NICHOLAS ORLIN and
SHAWN MURPHY,

       Plaintiffs,

v.

THE CITY AND COUNTY OF DENVER, a Colorado municipal corporation,
DOES 1-20, in their individual capacities and whose names are unknown, and
THE CITY OF AURORA, a Colorado municipal corporation,

       Defendants.

_____

**DENVER'S ANSWER TO FIRST AMENDED COMPLAINT WITH JURY DEMAND**
_____ _____

       Defendant THE CITY AND COUNTY OF DENVER ("Denver") hereby answers

Plaintiffs' First Amended Complaint and Jury Demand (Doc. 25-2[1]).

## JURISDICTION AND VENUE

       1.      As to the allegations in paragraph 1, Denver admits this Court has jurisdiction

over this case.  Denver otherwise denies all remaining allegations in paragraph 1.

       2.      As to the allegations in paragraph 2, Denver admits that venue is proper in

this Court.  Denver otherwise denies all remaining allegations in paragraph 2.

## PARTIES

       3.      As to the allegations in paragraph 3, Denver is without sufficient knowledge

_____

       [1]      At the time of this filing, the First Amended Complaint appearing at Doc. 25-2 has been accepted but has not been separately filed by the Clerk of Court.

or information to admit or to deny those allegations and therefore denies the same.

4.      As to the allegations in paragraph 4, Denver is without sufficient knowledge or information to admit or to deny those allegations and therefore denies the same.

5.      As to the allegations in paragraph 5, Denver admits that it is a Colorado home rule municipality.  Denver otherwise denies all remaining allegations in paragraph 5.

6.      Denver denies the allegations in paragraph 6.

7.      As to the allegations in paragraph 7, Denver admits that it requested law enforcement officers from other jurisdictions to assist DPD officers.  Denver otherwise denies all remaining allegations in paragraph 7.

8.      Denver denies the allegations in paragraph 8.

9.      As to the allegations in paragraph 9, Denver is without sufficient knowledge or information to admit or to deny those allegations and therefore denies the same.

10.     As to the allegations in paragraph 10, Denver is without sufficient knowledge or information to admit or to deny those allegations and therefore denies the same.

11.     Denver denies the allegations in paragraph 11.

12.     Denver denies the allegations in paragraph 12.

13.     The allegations in paragraph 13 are not directed at Denver, so no response is required from Denver.  To the extent a response from Denver may be required, Denver is without sufficient knowledge or information to admit or to deny those allegations and therefore denies the same.

2

14.     As to the allegations in paragraph 14, Denver is without sufficient knowledge or information to admit or to deny those allegations and therefore denies the same.

15.     As to the allegations in paragraph 15, Denver is without sufficient knowledge or information to admit or to deny those allegations and therefore denies the same.

16.     As to the allegations in paragraph 16, Denver denies it is responsible for any of the injuries or damages alleged in the First Amended Complaint.  Denver is without sufficient knowledge or information to admit or deny the remaining allegations contained in paragraph 16 and therefore denies the same.

17.     As to the allegations in paragraph 17, Denver is without sufficient knowledge or information to admit or to deny those allegations and therefore denies the same.

### GENERAL ALLEGATIONS AND FACTUAL BACKGROUND

**A.     Background Facts Central to Plaintiffs' Claims and Injuries**

18.     As to the allegations in paragraph 18, Denver admits protests relating to the death of George Floyd took place in Denver between May 28, 2020, and June 5, 2020. Denver is without sufficient knowledge or information to admit or deny the remaining allegations contained in paragraph 18 and therefore denies the same.

19.     As to the allegations in paragraph 19, Denver admits protests relating to the death of George Floyd ("George Floyd Protests") took place in Denver between May 28, 2020, and June 5, 2020.  Denver is without sufficient knowledge or information to admit or deny the remaining allegations contained in paragraph 19 and therefore denies the same.

20.     As to the allegations in paragraph 20, Denver is without sufficient knowledge

or information to admit or to deny those allegations and therefore denies the same.

21.     As to the allegations in paragraph 21, Denver is without sufficient knowledge or information to admit or to deny those allegations and therefore denies the same.

22.     As to the allegations in paragraph 22, Denver is without sufficient knowledge or information to admit or to deny those allegations and therefore denies the same.

23.     Denver admits the allegations in paragraph 23.

24.     As to the allegations in paragraph 24, Denver is without sufficient knowledge or information to admit or to deny those allegations and therefore denies the same.

25.     As to the allegations in paragraph 25, Denver is without sufficient knowledge or information to admit or to deny those allegations and therefore denies the same.

26.     As to the allegations in paragraph 26, Denver is without sufficient knowledge or information to admit or to deny those allegations and therefore denies the same.

27.     As to the allegations in paragraph 27, Denver is without sufficient knowledge or information to admit or to deny those allegations and therefore denies the same.

28.     Denver denies the allegations in paragraph 28.

29.     As to the allegations in paragraph 29, Denver is without sufficient knowledge or information to admit or to deny those allegations and therefore denies the same.

30.     As to the allegations in paragraph 30, Denver is without sufficient knowledge or information to admit or to deny those allegations and therefore denies the same.

31.     As to the allegations in paragraph 31, Denver is without sufficient knowledge or information to admit or to deny those allegations and therefore denies the same.  A

response does not appear to be required with respect to the photograph following paragraph 31; however, to the extent any response is required, Denver contends that the content of the photograph speaks for itself and denies the First Amended Complaint's characterization of such content.

32.     As to the allegations in paragraph 32, Denver is without sufficient knowledge or information to admit or to deny those allegations and therefore denies the same.

33.     As to the allegations in paragraph 33, Denver is without sufficient knowledge or information to admit or to deny those allegations and therefore denies the same.

34.     As to the allegations in paragraph 34, Denver is without sufficient knowledge or information to admit or to deny those allegations and therefore denies the same.

35.     As to the allegations in paragraph 35, Denver is without sufficient knowledge or information to admit or to deny those allegations and therefore denies the same.

36.     As to the allegations in paragraph 36, Denver is without sufficient knowledge or information to admit or to deny those allegations and therefore denies the same.  A response does not appear to be required with respect to the photograph following paragraph 36, however, to the extent any response is required, Denver contends that the content of the photograph speaks for itself and denies the First Amended Complaint's characterization of such content.

37.     As to the allegations in paragraph 37, Denver is without sufficient knowledge or information to admit or to deny those allegations and therefore denies the same.

38.     As to the allegations in paragraph 38, Denver is without sufficient knowledge

or information to admit or to deny those allegations and therefore denies the same.

39. Denver denies the allegations in paragraph 39.

40. As to the allegations in paragraph 40, Denver admits Denver Police Department ("DPD") officers wore protective gear during the George Floyd Protests after being attacked by protestors. Denver admits DPD officers used less-lethal force during the George Floyd Protests. Denver is without sufficient knowledge or information to admit or deny the remaining allegations contained in paragraph 40 and therefore denies the same.

41. As to the allegations in paragraph 41, Denver admits DPD officers fired 40 mm foam rounds over the course of the protests. Denver is without sufficient knowledge or information to admit or deny the remaining allegations contained in paragraph 41 and therefore denies the same.

42. As to the allegations in paragraph 42, Denver admits that DPD officers fired pepper balls during the course of the protests. Denver is without sufficient knowledge or information to admit or deny the remaining allegations contained in paragraph 42 and therefore denies the same.

43. Denver denies the allegations in paragraph 43.

44. As to the allegations in paragraph 44, Denver is without sufficient knowledge or information to admit or to deny those allegations and therefore denies the same.

45. As to the allegations in paragraph 45, Denver admits and affirmatively states that it's investigation concluded that Plaintiff Murphy may have been injured by an officer of the APD. Denver is without sufficient knowledge or information to admit or deny the

remaining allegations contained in paragraph 45 and therefore denies the same.

    **B.**    **Factual Allegations Relating to Denver's Customs, Policies, Practices, Procedures, Supervision, and Training**

    46.    As to the allegations in paragraph 46, the allegations are conclusory and seek to state an objectionable legal conclusion, to which no response is required.  To the extent a response may be required, Denver admits Chief Pazen is a final policymaker for DPD.  Defendant denies all remaining allegations in paragraph 46.

    47.    As to the allegations in paragraph 47, the allegations are conclusory and seek to state an objectionable legal conclusion, to which no response is required.  To the extent a response may be required, Denver denies the allegations in paragraph 47.

    48.    As to the allegations in paragraph 48, Denver admits the George Floyd Protests took place in Denver between May 28, 2020, and June 5, 2020.  Denver is without sufficient knowledge or information to admit or deny the remaining allegations contained in paragraph 48 and therefore denies the same.

    49.    As to the allegations in paragraph 49, Denver admits that DPD requested assistance from other law enforcement agencies to respond to the George Floyd Protests. Denver is otherwise without knowledge as to the remaining allegations contained in paragraph 49 and therefore denies same.

    50.    As to the allegations in paragraph 50, Denver admits that DPD requested assistance from other law enforcement agencies, including the Aurora Police Department, to respond to the George Floyd Protests.  Denver is otherwise without knowledge as to the remaining allegations contained in paragraph 50 and therefore denies same.

51.     Denver denies the allegations in paragraph 51.

52.     Denver denies the allegations in paragraph 52.

53.     As to the allegations in paragraph 53, Denver admits DPD officers wore protective gear during the George Floyd Protests after being attacked by protestors. Denver admits DPD officers used less-lethal force during the George Floyd Protests. Denver is without sufficient knowledge or information to admit or deny the remaining allegations contained in paragraph 53 and therefore denies the same.

54.     Denver denies the allegations in paragraph 54.

55.     As to the allegations in paragraph 55, Denver admits a probationary DPD officer posted a caption to social media consistent with the allegations in paragraph 55 and affirmatively states DPD terminated the probationary officer because of his post.  Denver denies the remaining allegations contained in paragraph 55.

56.     As to the allegations in paragraph 56, Denver is without sufficient knowledge or information to admit or to deny those allegations and therefore denies the same.

57.     As to the allegations in paragraph 57, Denver admits it received complaints about the George Floyd Protests.  Denver otherwise denies the remaining allegations contained in paragraph 57.

58.     As to the allegations in paragraph 58, Denver admits that the George Floyd Protests received extensive media attention.  Denver is otherwise without sufficient knowledge or information to admit or to deny the remaining allegations in paragraph 58 and therefore denies the same.

8

59.     As to the allegations in paragraph 59, Denver is without sufficient knowledge or information to admit or to deny those allegations and therefore denies the same.

46(a).[2] Denver denies the allegations in paragraph 46(a).

47(a).  Denver denies the allegations in paragraph 47(a).

48(a).  As to the allegations in paragraph 48(a), Denver admits that the George Floyd Protests received extensive media attention.  Denver is otherwise without sufficient knowledge or information to admit or to deny the remaining allegations in paragraph 48(a) and therefore denies the same.

60.     As to the allegations in paragraph 60, Denver denies DPD has a policy-in-fact of attacking non-threatening protesters.  Denver is without sufficient knowledge or information to admit or deny the remaining allegations contained in paragraph 60 and therefore denies the same.

61.     Denver denies the allegations in paragraph 61.

62.     Denver denies the allegations in paragraph 62.

63.     Denver denies the allegations in paragraph 63.

64.     As to the allegations in paragraph 64, the allegations are conclusory and seek to state an objectionable legal conclusion, to which no response is required.  To the extent a response may be required, Denver admits Mayor Hancock and Chief Pazen offered general praise to officers and indicated they exercised great restraint despite being

---

[2]     Certain paragraph numbers in the First Amended Complaint repeat and/or are out of order. To avoid further confusion, Denver has kept the numbering convention used by Plaintiffs but has added "(a)" to paragraph numbers that appear a second time.

the targets of numerous attacks made by individuals embedded with the protestors. Denver denies all remaining allegations in paragraph 64.

65.    As to the allegations in paragraph 65, the allegations are conclusory and seek to state an objectionable legal conclusion, to which no response is required.  To the extent a response may be required, Denver admits Mayor Hancock and Chief Pazen offered general praise to officers and indicated they exercised great restraint despite being the targets of numerous attacks made by individuals embedded with the protestors. Denver denies all remaining allegations in paragraph 65.

66.    Denver denies the allegations in paragraph 66.

67.    As to the allegations in paragraph 67, Denver admits the civil action *Abay v. City of Denver* was filed against the City on June 4, 2020.  Denver denies all remaining allegations contained in paragraph 67.

68.    As to the allegations in paragraph 68, Denver admits the *Abay* action resulted in the issuance of a temporary restraining order ("TRO").  Denver states the referenced TRO speaks for itself and denies any allegations which differ from the TRO, are incomplete, or are otherwise taken out of context.  Denver denies all remaining allegations contained in paragraph 68.

69.    As to the allegations in paragraph 69, Denver affirmatively asserts that the referenced Memorandum speaks for itself and denies any allegations which differ from the Memorandum, are incomplete, or are otherwise taken out of context.  Denver otherwise denies all remaining allegations in paragraph 69.

10

70.     Denver denies the allegations in paragraph 70.

71.     As to the allegations in paragraph 71, Denver denies the contents of the probationary DPD's officer's social media represent, in any way, the customs, policies, procedures, or viewpoints of Denver.  Denver affirmatively states DPD terminated the probationary DPD officer because of his post.  Denver denies all remaining allegations in paragraph 71.

72.     As to the allegations in paragraph 72, the allegations are conclusory and seek to state an objectionable legal conclusion, to which no response is required.  To the extent a response may be required, Denver denies the allegations in paragraph 72.

73.     As to the allegations in paragraph 73, Denver affirmatively asserts that the OIM report speaks for itself and denies any allegations which differ from the report, are incomplete, or are otherwise taken out of context.  Denver otherwise denies all remaining allegations in paragraph 73.

74.     As to the allegations in paragraph 74, Denver affirmatively asserts that the OIM report speaks for itself and denies any allegations which differ from the report, are incomplete, or are otherwise taken out of context.  Denver otherwise denies all remaining allegations in paragraph 74.

75.     As to the allegations in paragraph 75, Denver affirmatively asserts that the OIM report speaks for itself and denies any allegations which differ from the report, are incomplete, or are otherwise taken out of context.  Denver otherwise denies all remaining allegations in paragraph 75.

76.     As to the allegations in paragraph 76, Denver affirmatively asserts that the OIM report speaks for itself and denies any allegations which differ from the report, are incomplete, or are otherwise taken out of context.  Denver otherwise denies all remaining allegations in paragraph 76.

77.     As to the allegations in paragraph 77, Denver affirmatively asserts that the OIM report speaks for itself and denies any allegations which differ from the report, are incomplete, or are otherwise taken out of context.  Denver otherwise denies all remaining allegations in paragraph 77.

78.     Denver denies the allegations in paragraph 78.

79.     Denver denies the allegations in paragraph 79.

80.     As to the allegations in paragraph 80, Denver affirmatively asserts that the OIM report speaks for itself and denies any allegations which differ from the report, are incomplete, or are otherwise taken out of context.  Denver otherwise denies all remaining allegations in paragraph 80.

81.     Denver denies the allegations in paragraph 81.

82.     Denver denies the allegations in paragraph 82.

83.     Denver denies the allegations in paragraph 83.

84.     Denver denies the allegations in paragraph 84.

85.     As to the allegations in paragraph 85, Denver affirmatively asserts that the OIM report speaks for itself and denies any allegations which differ from the report, are incomplete, or are otherwise taken out of context.  Denver otherwise denies all remaining

allegations in paragraph 85.

86.     As to the allegations in paragraph 86, Denver affirmatively asserts that the OIM report speaks for itself and denies any allegations which differ from the report, are incomplete, or are otherwise taken out of context.  Denver otherwise denies all remaining allegations in paragraph 86.

87.     As to the allegations in paragraph 87, Denver affirmatively asserts that the OIM report speaks for itself and denies any allegations which differ from the report, are incomplete, or are otherwise taken out of context.  Denver otherwise denies all remaining allegations in paragraph 87.

88.     As to the allegations in paragraph 88, Denver affirmatively asserts that the DPD Use of Force Policy speaks for itself and denies any allegations which differ from the Policy, are incomplete, or are otherwise taken out of context.  Denver otherwise denies all remaining allegations in paragraph 88.

89.     As to the allegations in paragraph 89, Denver affirmatively asserts that the DPD Crowd Control Manual speaks for itself and denies any allegations which differ from the Manual, are incomplete, or are otherwise taken out of context.  Denver otherwise denies all remaining allegations in paragraph 89.

90.     As to the allegations in paragraph 90, the allegations are conclusory and seek to state an objectionable legal conclusion, to which no response is required.  To the extent a response may be required, Denver denies the allegations in paragraph 90.

91.     Denver denies the allegations in paragraph 91.

92.     Denver denies the allegations in paragraph 92.

93.     As to the allegations in paragraph 93, the allegations are conclusory and seek to state an objectionable legal conclusion, to which no response is required.  To the extent a response may be required, Denver denies the allegations in paragraph 93.

94.     Denver denies the allegations in paragraph 94.

95.     Denver denies the allegations in paragraph 95.

96.     As to the allegations in paragraph 96, Denver admits DPD has disciplined officers for their actions during the George Floyd Protests, after determining these officers' actions violated DPD's policies and procedures.  Denver is without sufficient knowledge or information to admit or deny the remaining allegations contained in paragraph 96 and therefore denies the same.

97.     As to the allegations in paragraph 97, Denver is without sufficient knowledge or information to admit or to deny those allegations and therefore denies the same.

98.     Denver denies the allegations in paragraph 98.

99.     Denver denies the allegations in paragraph 99.

100.    As to the allegations in paragraph 100, Denver admits less lethal munitions were used during the Occupy Denver demonstrations in 2011.  Denver is without sufficient knowledge or information to admit or deny the remaining allegations contained in paragraph 100 and therefore denies the same.

101.    As to the allegations in paragraph 101, Denver is without sufficient knowledge or information to admit or to deny those allegations and therefore denies the same.

102.    As to the allegations in paragraph 102, Denver admits Plaintiffs have incorporated purported allegations made in connection with another lawsuit as an exhibit to Plaintiffs' First Amended Complaint.  Denver states it is inappropriate for Plaintiffs to incorporate this exhibit in this fashion.  Denver denies all the allegations contained in the exhibit and denies their relevance to any issue in this litigation.

103.    As to the allegations in paragraph 103, the allegations are conclusory and state an objectionable legal conclusion, to which no response is required.  To the extent a response may be required, Denver denies the allegations in paragraph 103.

104.    Denver denies the allegations in paragraph 104.

C.    **Factual Allegations Relating to Aurora's Customs, Policies, Practices, Procedures, Supervision, and Training**

105-110.        The allegations in paragraphs 105-110 are not directed at Denver, so no response is required from Denver.  To the extent a response from Denver may be required, Denver is without sufficient knowledge or information to admit or to deny those allegations and therefore denies the same.

111.    Denver denies the allegations in paragraph 111.

112-114.        The allegations in paragraphs 112-114 are not directed at Denver, so no response is required from Denver.  To the extent a response from Denver may be required, Denver is without sufficient knowledge or information to admit or to deny those allegations and therefore denies the same.

115.    Denver denies the allegations in paragraph 115.

116-118.        The allegations in paragraphs 116-118 are not directed at Denver, so

no response is required from Denver.  To the extent a response from Denver may be required, Denver is without sufficient knowledge or information to admit or to deny those allegations and therefore denies the same.

    **D.**    **Plaintiff's Damages**

119.    Denver denies the allegations in paragraph 119.

120.    Denver denies the allegations in paragraph 120.

**CLAIMS FOR RELIEF**
**CLAIMS UNDER FEDERAL LAW, 42 U.S.C. § 1983**

121.    In response to paragraph 121, Denver incorporates herein by reference its responses to paragraphs 1-120 as though set forth in full herein.

122.    In response to paragraph 122, Denver states that the rights and privileges pursuant to the United States Constitution speak for themselves.  Denver otherwise denies all remaining allegations in paragraph 122.

123.    In response to paragraph 123, Denver states that the rights and privileges pursuant to the United States Constitution speak for themselves.  Denver otherwise denies all remaining allegations in paragraph 123.

124.    In response to paragraph 124, Denver states that the rights and privileges pursuant to the United States Constitution speak for themselves.  Denver otherwise denies all remaining allegations in paragraph 124.

125.    In response to paragraph 125, Denver states that the referenced statutory provision speaks for itself.  Denver otherwise denies all remaining allegations in paragraph 125.

126.    As to the allegations in paragraph 126, the allegations are conclusory and seek to state an objectionable legal conclusion, to which no response is required.  To the extent a response may be required, Denver admits Chief Pazen is a final policymaker for DPD.  Denver denies all remaining allegations in paragraph 126.

**FIRST CLAIM FOR RELIEF**
**42 U.S.C. § 1983 - Violation of Fourth Amendment of U.S. Constitution**
**Use of Unnecessary, Unreasonable and Excessive Force**
**(Plaintiffs against the Defendant Officers)**

127.    In response to paragraph 127, Denver incorporates herein by reference its responses to paragraphs 1-126 as though set forth in full herein.

128.    As to the allegations in paragraph 128, Denver is without sufficient knowledge or information to admit or to deny those allegations and therefore denies the same.

129.    As to the allegations in paragraph 129, Denver states the Fourth Amendment and applicable precedent speak for themselves and denies any allegations which differ from the Fourth Amendment, are incomplete, or otherwise taken out of context.

130.    As to the allegations in paragraph 130, Denver states the Fourth Amendment and applicable precedent speak for themselves and denies any allegations which differ from the Fourth Amendment, are incomplete, or otherwise taken out of context.

131.    As to the allegations in paragraph 131, Denver states the Fourth Amendment and applicable precedent speak for themselves and denies any allegations which differ from the Fourth Amendment, are incomplete, or otherwise taken out of context.

132.    As to the allegations in paragraph 132, the allegations are conclusory and state an objectionable legal conclusion, to which no response is required.  To the extent

a response may be required, Denver denies the allegations in paragraph 132.

133.   As to the allegations in paragraph 133, the allegations are conclusory and state an objectionable legal conclusion, to which no response is required.  To the extent a response may be required, Denver is without sufficient knowledge or information to admit or deny the allegations in paragraph 133 and therefore denies the same.

134.   As to the allegations in paragraph 134, the allegations are conclusory and state an objectionable legal conclusion, to which no response is required.  To the extent a response may be required, Denver is without sufficient knowledge or information to admit or deny the allegations in paragraph 134 and therefore denies the same.

135.   As to the allegations in paragraph 135, the allegations are conclusory and state an objectionable legal conclusion, to which no response is required.  To the extent a response may be required, Denver is without sufficient knowledge or information to admit or deny the allegations in paragraph 135 and therefore denies the same.

136.   As to the allegations in paragraph 136, the allegations are conclusory and state an objectionable legal conclusion, to which no response is required.  To the extent a response may be required, Denver is without sufficient knowledge or information to admit or deny the allegations in paragraph 136 and therefore denies the same.

137.   As to the allegations in paragraph 137, the allegations are conclusory and state an objectionable legal conclusion, to which no response is required.  To the extent a response may be required, Denver is without sufficient knowledge or information to admit or deny the allegations in paragraph 137 and therefore denies the same.

138.    As to the allegations in paragraph 138, Denver is without sufficient knowledge or information to admit or to deny those allegations and therefore denies the same.

139.    As to the allegations in paragraph 139, the allegations are conclusory and state an objectionable legal conclusion, to which no response is required.  To the extent a response may be required, Denver is without sufficient knowledge or information to admit or deny the allegations in paragraph 139 and therefore denies the same.

140.    As to the allegations in paragraph 140, the allegations are conclusory and state an objectionable legal conclusion, to which no response is required.  To the extent a response may be required, Denver is without sufficient knowledge or information to admit or deny the allegations in paragraph 140 and therefore denies the same.

141.    As to the allegations in paragraph 141, the allegations are conclusory and state an objectionable legal conclusion, to which no response is required.  To the extent a response may be required, Denver is without sufficient knowledge or information to admit or deny the allegations in paragraph 141 and therefore denies the same.

142.    Denver denies the allegations in paragraph 142.

143.    Denver denies the allegations in paragraph 143.

144.    Denver denies the allegations in paragraph 144.

## SECOND CLAIM FOR RELIEF
### 42 U.S.C. § 1983 - Violation of Fourteenth Amendment of U.S. Constitution
### Unnecessary, Unreasonable & Excessive Force
### (Plaintiffs against the Defendant Officers)

145.    In response to paragraph 145, Denver incorporates herein by reference its responses to paragraphs 1-144 as though set forth in full herein.

146.   As to the allegations in paragraph 146, Denver states the Fourteenth Amendment and applicable precedent speak for themselves and denies any allegations which differ from the Fourteenth Amendment, are incomplete, or otherwise taken out of context.

147.   As to the allegations in paragraph 147, the allegations are conclusory and state an objectionable legal conclusion, to which no response is required.  To the extent a response may be required, Denver denies the allegations in paragraph 147.

148.   As to the allegations in paragraph 148, the allegations are conclusory and state an objectionable legal conclusion, to which no response is required.  To the extent a response may be required, Denver is without sufficient knowledge or information to admit or deny the allegations in paragraph 148 and therefore denies the same.

149.   As to the allegations in paragraph 149, the allegations are conclusory and state an objectionable legal conclusion, to which no response is required.  To the extent a response may be required, Denver denies the allegations in paragraph 149.

150.   As to the allegations in paragraph 150, the allegations are conclusory and state an objectionable legal conclusion, to which no response is required.  To the extent a response may be required, Denver denies the allegations in paragraph 150.

151.   As to the allegations in paragraph 151, the allegations are conclusory and state an objectionable legal conclusion, to which no response is required.  To the extent a response may be required, Denver denies the allegations in paragraph 151.

152.   As to the allegations in paragraph 152, the allegations are conclusory and

state an objectionable legal conclusion, to which no response is required.  To the extent a response may be required, Denver denies the allegations in paragraph 152.

153.    As to the allegations in paragraph 153, the allegations are conclusory and state an objectionable legal conclusion, to which no response is required.  To the extent a response may be required, Denver denies the allegations in paragraph 153.

154.    Denver denies the allegations in paragraph 154.

### THIRD CLAIM FOR RELIEF
**42 U.S.C. § 1983 - Violation of the First Amendment of the U.S. Constitution
Unreasonable Suppression of Free Speech, Assembly and/or Association
(Plaintiffs against the Defendant Officers)**

155.    In response to paragraph 155, Denver incorporates herein by reference its responses to paragraphs 1-154 as though set forth in full herein.

156.    As to the allegations in paragraph 156, Denver states the First Amendment and applicable precedent speak for themselves and denies any allegations which differ from the First Amendment, are incomplete, or otherwise taken out of context.

157.    As to the allegations in paragraph 157, Denver is without sufficient knowledge or information to admit or to deny those allegations and therefore denies the same.

158.    As to the allegations in paragraph 158, the allegations are conclusory and state an objectionable legal conclusion, to which no response is required.  To the extent a response may be required, Denver is without sufficient knowledge or information to admit or deny the allegations in paragraph 158 and therefore denies the same.

159.    As to the allegations in paragraph 159, the allegations are conclusory and state an objectionable legal conclusion, to which no response is required.  To the extent

a response may be required, Denver denies the allegations in paragraph 159.

160.    Denver denies the allegations in paragraph 160.

## FOURTH CLAIM FOR RELIEF
**Unconstitutional Policies, Customs, and Practices, Failure to Train, and Ratification Resulting in Violations of Plaintiffs' Constitutional Rights (Plaintiffs against the City and County of Denver)**

161.    In response to paragraph 161, Denver incorporates herein by reference its responses to paragraphs 1-160 as though set forth in full herein.

162.    As to the allegations in paragraph 162, the allegations are conclusory and state an objectionable legal conclusion, to which no response is required.  To the extent a response may be required, Denver denies the allegations in paragraph 162.

163.    Denver denies the allegations in paragraph 163.

164.    Denver denies the allegations in paragraph 164.

165.    Denver denies the allegations in paragraph 165.

166.    Denver denies the allegations in paragraph 166.

167.    Denver denies the allegations in paragraph 167.

168.    Denver denies the allegations in paragraph 168.

169.    Denver denies the allegations in paragraph 169.

170.    Denver denies the allegations in paragraph 170.

171.    Denver denies the allegations in paragraph 171.

172.    Denver denies the allegations in paragraph 172.

173.    Denver denies the allegations in paragraph 173.

174.    Denver denies the allegations in paragraph 174.

175.    Denver denies the allegations in paragraph 175.

176.    Denver denies the allegations in paragraph 176.

### FIFTH CLAIM FOR RELIEF
**Unconstitutional Policies, Customs, and Practices, Failure to Train, and Ratification**
**Resulting in Violations of Plaintiffs' Constitutional Rights**
**(Plaintiffs against the City of Aurora)**

177.    In response to paragraph 177, Denver incorporates herein by reference its responses to paragraphs 1-176 as though fully set forth herein.

178-188.       As to the allegations in paragraphs 178-188, such allegations are directed to a Defendant other than Denver and Denver is not required to admit or deny the same. To the extent an answer is required, Denver denies the allegations set forth in paragraphs 178-188.

### <u>REQUEST FOR PUNITIVE DAMAGES UNDER FEDERAL LAW</u>
**(Against the Defendant Officers)**

189.    Paragraph 189 states a legal conclusion and, therefore, it is not necessary for Denver to admit or deny the allegations.  To the extent a response is deemed necessary, Denver denies that punitive damages are warranted in this case.  Denver otherwise denies the remaining allegations in paragraph 189.

190.    Denver denies the allegations in paragraph 190.

191.    As to the allegations in paragraph 191, Denver denies that punitive damages are warranted in this case.  Denver otherwise denies the remaining allegations in paragraph 191.

## PRAYER FOR RELIEF

Denver denies the allegations in Plaintiffs' "Prayer for Relief" clause and denies that Plaintiffs are entitled to any relief in this matter.

## GENERAL DENIAL

Denver denies each and every allegation contained in the First Amended Complaint not specifically admitted herein.

## DEFENSES AND AFFIRMATIVE DEFENSES

1.     Plaintiffs' First Amended Complaint fails in whole or in part to state a claim upon which relief may be granted against Denver.

2.     Plaintiffs' injuries and damages, if any, may have resulted from their own acts or the acts of one or more persons over whom Denver had no control or right to control.

3.     Denver's training and supervision of its police officers met or exceeded constitutional and statutory standards with respect to all topics relevant to this action.

4.     Denver's policies were in conformance with established constitutional and statutory law with respect to all topics relevant to this action.

5.     One or more of the Plaintiffs may have failed to reasonably mitigate his alleged damages.

6.     Plaintiffs' damages, if any, are not of the nature and extent alleged.

7.     Some or all of Plaintiffs may lack standing to bring some or all of their claims.

8.     Some or all of Plaintiffs' claims are moot.

9.     Plaintiffs suffered no compensable harm from any act or omission of Denver.

24

10.     To the extent permitted by law, Denver reserves the right to amend its Answer to add such other affirmative defenses as may become known through discovery or are supported by the evidence.

WHEREFORE, having fully answered the allegations in Plaintiffs' First Amended Complaint, Denver requests that all of Plaintiffs' claims against it be dismissed, with prejudice, and that it be awarded costs of defense, attorney fees, and any such other and further relief as the Court deems just and proper.

## JURY DEMAND

Denver requests trial to a jury on all issues herein.

Respectfully submitted,


Date:  June 9, 2022                    s/ Sara L. Cook                                        
                                       Sara L. Cook
                                            VAUGHAN & DeMURO
                                            111 South Tejon, Suite 545
                                            Colorado Springs, CO 80903
                                            (719) 578-5500 (phone)
                                            (719) 578-5504 (fax)
                                            scook@vaughandemuro.com (e-mail)
                                       ATTORNEY FOR DEFENDANT CITY AND
                                       COUNTY OF DENVER

CERTIFICATE OF SERVICE

I hereby certify that on this 9th day of June, 2022, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following e-mail addresses:

**Clifford L. Beem, Esq.**
clbeem@beemlaw.net

**A. Mark Isley, Esq.**
amisley@beemlaw.net

**Danielle C. Beem, Esq.**
dcbeem@beemlaw.net

**Adam R. Yoast, Esq.**
adam@baumgartnerlaw.com

**Sean M. Simeson, Esq.**
sean@baumgartnerlaw.com

**Birk Baumgartner, Esq.**
birk@baumgartnerlaw.com

and I hereby certify that the foregoing was placed in the U.S. Mail, postage prepaid, and addressed to the following:

[none]

s/ Sara L. Cook
Sara L. Cook